Hari SINGH, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–72842.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2008.

Filed Sept. 3, 2008.

Pardeep S. Grewal, Esquire, Law Offices of Pardeep S. Grewal, Castro Valley, CA, Inna Lipkin, Esquire, Law Offices of Inna Lipkin, for Petitioner.

Mark L. Gross, Esquire, Nathaniel Pollock, Esquire, Jessie K. Liu, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and DAWSON *, District Judge.

## MEMORANDUM **

Hari Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. The BIA adopted and affirmed the rulings of the IJ that Singh's asylum application was time-barred, and that his testimony was incredible and therefore insufficient to support withholding of removal. These rulings by the BIA were accompanied by citation to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), indicating that the BIA's "conclusions are the same as those articulated by the IJ." *Moreno–Morante v. Gonzales*, 490 F.3d 1172, 1174 (9th Cir.2007). Thus, we review the IJ's decision as if it were that of the BIA. We dismiss in part and deny in part the petition for review.

■ Pursuant to 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the BIA's determination that Petitioner's asylum application was not filed within one-year of the date of his arrival in the United States. Although the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D), restored our jurisdiction over constitutional and legal questions previously barred by 8 U.S.C. § 1158(a)(3), Petitioner has failed to raise any questions of law or constitutional claims on appeal. *See Husyev v. Mukasey*, 528 F.3d 1172, 1178 (9th Cir.2008); *Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir.2007). Furthermore, the BIA properly affirmed the IJ's denial of Petitioner's remaining claims for withholding of removal and protection under CAT based on the IJ's adverse credibility finding.

■ A review of the IJ's decision demonstrates that the IJ's adverse credibility finding is supported by substantial evidence and that the inconsistencies in Petitioner's testimony go to the heart of his

---

* The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

claim. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). Specifically, the IJ found that Petitioner failed to convincingly address discrepancies in his testimony regarding the injuries he sustained while under arrest, the date of his second arrest, and the date of his arrival in the United States.

Here, the IJ's adverse credibility determination is supported by substantial evidence and was properly upheld by the BIA.

**PETITION DISMISSED IN PART; DENIED IN PART.**